McWHORTER and others *vs.* GIBSON.

ERROR from the Washington common pleas. This was a judgment in partition. Gibson presented his petition to the common pleas under the statute, setting forth that he was entitled to *one sixth* of two certain lots of land as a tenant in common with A. McWhorter and four others, owners of the remaining five sixths, and praying partition. The rights of the parties were adjudged to be as stated in the petition, viz. that the plaintiff was seized in his demesne as of fee as a tenant in common of one sixth part of the premises, and that the said A. McWhorter and the four others were each seized in their demesne as of fee as tenants in common of one sixth of the premises, and a rule for partition and for the appointment of commissioners was granted. The commissioners returned, that they had made partition by assigning to the plaintiff in partition, by metes and bounds, 16 acres and ⁶ of an acre of land, being one sixth part of the premises, quantity and quality relatively considered, and that the residue of the two lots, describing the same by metes and bounds, they had not partitioned, but had left to the said A. McWhorter and the four others, naming them, "the said parties respectively agreeing that the same be not partitioned at present." The report of the commissioners was confirmed, and judgment given that the report be held firm and effectual forever, and that the plaintiff recover of A. McWhorter and the four others, $106 22, for their proportion of the costs, and that the plaintiff have execution, &c.

*The general phraseology and provisions of the* act for the partition of lands *contemplate an assignment to each owner of his respective portion when capable of being ascertained. But if the defendants in such proceeding wish to retain their proportions of the estate undivided, partition may be made accordingly, and their consent to such partition will be construed into an assent that a* joint *judgment be rendered against them for* costs. *Where it is desired that partition be made in this manner, it* seems, *it would be advisable to obtain the direction of the court.*

*S. A. Talcott*, (attorney-general,) for plaintiffs in error. Partition does not mean the setting off to the plaintiff his share of the estate, leaving the rest undivided; it is a division of the premises into equal parts, according to the value, and a delivery of one part to each tenant in common in severalty. At common law, the partition made in this case would be void. (*Comyn's Dig.* 3 *F.* 4. *Litt.* § 248, 9. 2 *Mass. R.* 469.) The rights and interests of the parties were ascertained by

the interlocutory judgment, and yet this partial partition was made. The statute directs that partition shall be made between the parties, according to their respective rights in the premises.

The judgment is erroneous, also, in awarding costs against the defendants *jointly*. The judgment should have been that each of the parties, other than the petitioner, pay a proportion of the costs, according to his right in the premises. (1 *R. L.* 510.) By the judgment, one might be subjected to the payment of the whole costs.

*S. Stevens,* for defendant in error, relied upon the agreement of the parties for making partition, in the manner it had been done in this case. It is to be presumed that the assent is filed of record, and such assent cures all error in the judgment. At common law it was competent for parties to agree upon the mode of partition.

The question as to the award of costs depends upon the decision of the first point. If the parties defendants could agree that their shares should remain together undivided, they will be considered as joint tenants of the remaining five sixths, and then the judgment is correct.

*Talcott,* in reply. If the assent of the parties is matter of record, it should have been brought up by the defendant in error by certiorari. But consent could not confer jurisdiction and authorise a judgment, not conformable to the statute under which the proceedings were had : the court could give judgment for partition and for costs only in conformity to the statute.

*By the Court,* SUTHERLAND. J. The *first* question in this case is, whether it is competent for commissioners in partition to assign to the plaintiff in partition his individual share, and at the request and with the consent of the defendants, to set off their share of the premises together, without making partition among them. *Second.* If such partition is valid, whether the judgment can be against all the defendants jointly for the costs, or whether it should be against each individual for his respective proportion.

It is contended on the part of the plaintiffs in error, that
even the consent of the parties cannot confer upon the courts
authority or jurisdiction, to make a partition of any other
character or description than that which is directed by the
statute, and that the statute directs that partition shall be made
between *all the parties.*    The general phraseology and provi-
sions of the act undoubtedly contemplate an assignment to
each owner of his respective portion when capable of being
ascertained.    But this proceeds upon the assumption that
such will be the wish of the parties.    The plaintiff in parti-
tion is entitled to have his share set off, if the premises are
capable of being divided, for that is his only object in institu-
ting the proceedings ; but if the situation of the defendants is
such as to render it for their interest to retain their proportion
together and undivided, there can be no possible objection,
in principle, in permitting it to be done, nor is it incompati-
ble with the spirit and intention of the act.

Why should several defendants, who own a farm or tract
of land in equal proportions, be subjected to the expense of
surveying or subdividing it into a dozen parts, when they can
agree upon an amicable division among themselves, or when
no division whatever is desired by them ?    Those who want
their respective portions assigned to them, are entitled to
have them ; but if two or more prefer keeping their shares to-
gether, it could not have been the intention of the legislature
to prevent it.    It perhaps would have been more regular for
the commissioners in this case to have reported to the court
that the defendants did not wish their portions divided, and
to have obtained an order or authority from the court to set
off to the plaintiff his share, and to leave the residue of the
premises entire, but I do not think it very material.

I am inclined to think that the consent of the defendants
to retain their portion undivided, must be construed into an
assent to a joint judgment against all for the costs.

Judgment affirmed.