MoFaruaNu, J.,
delivered the opinion of the court:
Ida Eioherts being at the time an infant married woman, with her husband, James Eioherts, executed a deed conveying a lot in Memphis to James Eblin. Subsequently Eblin filed a bill in the chancery court at Memphis setting forth the fact, and charging that Eioherts and wife were willing to confirm the sale. Process was served, and an answer filed by an attorney admitting the facts, upon which a decree was rendered confirming the sale, and this decree was registered. At the date of this decree Ida Eicherts was still an infant and married -woman — she attained her majority on the twenty-second of February, 1870. After this, on the fourteenth of May, 1870, Eblin conveyed the property to Milly Slaughter.
On the thirteenth of September, 1870, the present bill was filed, charging that the decree referred to- confirming the sale should be reviewed and reversed; that the answer filed on behalf of the complainant and her husband was filed by an attorney without any authority, and without being appointed by the court to> defend for said minor, and the answer was not sworn to, and that upon the face *315 of the record tlie decree is erroneous, and should be reversed.
The bill prays to recover the property from Milly Slaughter. The bill was answered by Eblin, who also filed his answer as a cross-bill,, and Milly Slaughter filed a plea and answer. The chancellor gave the complainant a decree for the property, upon condition she refunded the purchase money and interest. Eblin and Milly Slaughter have appealed.
We think the decree confirming the sale is not binding upon Mrs. Richerts. The bill did not make a case to confirm the sale of an infant’s land. It did not allege that it was to her interest to confirm the sale, but only that a fair price had been paid, and that Mrs. Richerts and her husband were willing to confirm the sale, she being still a minor. Besides, the answer admitting the allegation of the bill, upon which alcne the decree was predicated, was filed without legal authority. In fact, the answer of Eblin in the present case admits that the decree is not valid.
The defense of innocent purchaser set up by Milk Slaughter cannot prevail, because there is no proof to sustain it. The burden is on the defendant setting up this defense, to make it out by proof. There is no* proof of the payment of the purchase money by Milly Slaughter to Eblin before they had notice of complainant’s claim, or of the payment at all, except the recital of the deed, which is not evidence against complainant. This is fatal to the defense, even if it was otherwise available, as it probably would not be. See Harrod v. Myers, 21 Arkansas, 592.
Mor do we think complainant is estopped to now set up her title. She admits in her deposition that she knew, before Eblin sold to Milly Slaughter, that she was going to buy it. It is upon this admission, and her failure to disaffirm sooner, that the estoppel is claimed. She was entitled to a reasonable time, after attaining her majority and becoming discovert, to disaffirm her deed. See Scott v. Buchanan, 11 Hum., 468; 2 Wend., 443. Her failure to inform the *316 proposed purchaser of her purpose to disaffirm cannot estop her, as it does not appear that the time had arrived for her to act, or that she was capable of acting; besides, es-toppels operate upon the principle of constructive fraud. Story Eq., sec. 391. And we think'there is not sufficient evidence that the conduct of Mrs. Nicherts operated as a fraud upon Milly Slaughter, or that her latter conduct was influenced thereby. We do not mean to say that an infant ot married woman may [not] be guilty of a fraud.
The complainant does not object to the decree requiring her to refund the purchase money. It is argued that she should be required to account for the improvements, but there is no distinct allegation or claim as to improvements, only a general allegation, and there is no proof in regard to it. On the other hand, the defendants are not required to account for rents, and we will not therefore disturb the decree.
The chancellor, however, directed that unless complainant refunded the purchase money in a given time, the bill should stand dismissed, and the title confirmed in defendants. We think this should be so modified as to- allow the property [to >be] sold, in the event the purchase money is not refunded, and the purchase money paid out of the proceeds, giving the balance to the complainant.
The costs of this court must be paid by Eblin and Milly Slaughter, and the costs of the court below divided as directed by the chancellor.